**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MOSAMMAT AKHTER, et al.,

    *Plaintiffs*,

v.

JOHN PATRICK MOONEY, et al.,

    *Defendants*.

Civil Action No. 20-15041

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This is a personal injury case stemming from a motor vehicle accident in Texas. Currently pending is the motion of Defendants John Patrick Mooney and United Parcel Services, Inc. ("UPS") to dismiss or, in the alternative, to transfer venue. D.E. 10. The Court reviewed the submissions made in support of the motion[1] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, the matter is transferred to the Eastern District of Texas.

    I.    **BACKGROUND**

    In this matter, Plaintiffs assert two negligence claims against Defendants. Plaintiffs plead that they reside in New Jersey, Defendant Mooney resides in Louisiana, and UPS resides in Indiana. Compl., Parties ¶¶ 1-5. Plaintiffs' claims pertain to a motor vehicle accident that occurred

---

[1] The Court refers to Defendants' brief in support of their motion (D.E. 10-2) as "Defs. Br."; Plaintiffs' brief in opposition (D.E. 13) as "Plfs. Opp."; and Defendants' reply (D.E. 14) as "Defs. Reply".

in Harrison County, Texas. *Id.*, First Count ¶¶ 1-2, 5.

Defendants subsequently filed the instant motion to dismiss, arguing that this Court lacks personal jurisdiction as to them and that Plaintiffs filed the Complaint in an improper venue. In the alternative, Defendants maintain that the matter should be transferred to the Eastern District of Texas, pursuant to 28 U.S.C. § 1406(a). D.E. 10.

## II.     LEGAL STANDARD

Federal Civil Rule of Procedure 12(b)(3) permits a court to dismiss a matter that is filed in an improper venue. The general venue statute, 28 U.S.C. § 1391(b), provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).

The "defendant[s]…bear the burden of showing improper venue." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982). When deciding a motion for improper venue, the Court "accepts the plaintiffs['] well-pled allegations regarding venue as true, . . . draws all reasonable inferences from those allegations in the plaintiffs['] favor, and . . . resolves any factual conflicts in the plaintiffs['] favor[.]" *Shah v. Centurum, Inc.*, No. 10-2015, 2011 WL 1527334, at *2 (D.N.J. Apr. 20, 2011) (quoting *Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 8 (D.D.C. 2003)) (internal quotation marks omitted). However, "[a] court need not accept the plaintiff's

well-pled factual allegations when they are contradicted by the defendant's affidavits." *Id.* (citing *AGA S'holders, LLC v. CSK Auto, Inc.*, 467 F. Supp. 2d 834, 842 (N.D. Ill. 2006)). As a result, a court can go beyond the pleadings and "examine facts outside the complaint to determine whether its venue is proper." *Id.* (quoting 5B C. Wright & A. Miller, Federal Practice and Procedure § 1352, at 324 (3d ed. 2004)) (internal quotation marks omitted).

### III.   DISCUSSION

Here, Defendants focus on Section 1391(b)(2), arguing that because Plaintiffs' claims address an event that occurred in Harrison County Texas, the Eastern District of Texas is a proper venue. Defs. Br. at 9. Plaintiffs do not appear to dispute that New Jersey is improper under Subsection (b)(2).[2] Section 1391(b)(2) provides that a case may be brought in a district where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). To make this determination, courts look at the nature of the dispute and "the location of those events or omissions giving rise to the claim." *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012) (quoting *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)). "Events or omissions that might only have some tangential connection with the dispute in litigation are not enough." *Cottman Transmission Sys., Inc.*, 36 F.3d at 294. Plaintiffs' claims pertain solely to a vehicle collision that occurred in Texas. Compl., First Count ¶¶ 1-6. There is no indication that any relevant event or omission occurred elsewhere. Consequently, the Eastern District of Texas is an appropriate venue pursuant to Subsection (b)(2), not the District of New Jersey.

---

[2] In their Complaint, Plaintiffs plead that venue is proper in New Jersey pursuant to 28 U.S.C. § 1402(b). *See* Compl., Venue ¶ 8. Section 1402(b) is inapplicable as it governs venue for civil cases in which a plaintiff is asserting tort claims against the United States. 28 U.S.C. § 1402(b). Here, neither Defendant is a federal entity.

While not addressed by either party, Section 1391(b)(1) provides that venue may lie in a district where any defendant resides, provided that all defendants are residents of the state where the judicial district is located. 28 U.S.C. § 1391(b)(1). An individual resides "in the judicial district in which the person is domiciled." 28 U.S.C. § 1391(c)(1). Plaintiffs plead that Defendant Mooney is a resident of Louisiana. Therefore, even if UPS was a resident of New Jersey, which the Court is not deciding,[3] the District of New Jersey is not a proper venue under Section 1391(b)(1). And because venue is proper in the Eastern District of Texas under Section 1391(b)(2), Section 1391(b)(3) is inapplicable. Thus, the District of New Jersey is not a proper forum under any Section 1391(b) subsection.

If a matter does not fall into a Section 1391(b) category, venue is improper, and the case must be dismissed or transferred pursuant to 28 U.S.C. § 1406(a). *Atl. Marine Const. Co. v. W.D. Tex.*, 571 U.S. 49, 56 (2013). Section 1406(a) provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has broad discretion in determining whether to dismiss or transfer a case due to improper venue. *See Konica Minolta, Inc. v. ICR Co.*, No. 15-1446, 2015 WL 9308252, at *5 (D.N.J. Dec. 22, 2015). But "dismissal is considered to be a harsh remedy and transfer of venue to another district court in which the action could originally have been brought[] is the preferred remedy." *Id.* (quoting *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 319 (D.N.J. 1998)).

Because the District of New Jersey is not a proper venue and transferring a case is the preferred remedy, the Court will transfer this matter to the Eastern District of Texas pursuant to

---

[3] For federal venue purposes, an entity defendant resides in any district in which the entity "is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Section 1406(a).  *Atl. Marine Const. Co*, 571 U.S. at 56.  A district court may transfer a case to a district in which it could have been brought.  28 U.S.C. § 1406(a).  As noted, the Eastern District of Texas is a proper venue under § 1391(b)(2), and almost certainly has at least specific personal jurisdiction over both Defendants.[4]

### IV. CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 1st day of June, 2023,

**ORDERED** that Defendants' motion, D.E. 6, is **GRANTED** as to improper venue; and it is further

**ORDERED** that rather than dismiss the matter, this case is transferred to the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1406(a); and it is further

**ORDERED** that the remainder of Defendants' motion to dismiss is **DENIED** without prejudice so that Defendants may reassert their arguments in the Eastern District of Texas, if they deem it appropriate.

_____
John Michael Vazquez, U.S.D.J.

---

[4] Because the Court is transferring this matter, it does not reach the parties' arguments for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2).